UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RAMON VALERIO GARCIA, | ) | Civ. 10-4148-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Ramon Valerio Garcia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes Garcia's petition, asserting that Garcia failed to exhaust state remedies. Garcia's petition is subject to dismissal because he failed to exhaust state remedies and his petition is barred by the one-year statute of limitations applicable to federal petitions for writ of habeas corpus.

**FACTS**

Garcia was convicted of rape in the first degree and sexual contact with a child under sixteen years in a South Dakota state court on March 1, 2006. He was sentenced to seventy-two years in prison for the rape conviction, and there was no pronouncement of sentence for the sexual contact with a child under sixteen years charge because both counts arose from the same circumstances.

Garcia and his wife babysat the victim, V.S.S., and were acquainted with her mother. V.S.S. testified that Garcia had her suck Garcia's penis until

something came out into her mouth. Garcia then had V.S.S. continue to suck on his penis. V.S.S. testified she was not wearing pants but remained in her panties during the incident. Garcia pleaded not guilty, but did not testify at his trial.

Garcia filed a direct appeal alleging several grounds for relief. These grounds were: (1) the trial court should have granted a mistrial with regard to an improper jury instruction; (2) there was prosecutorial misconduct by the prosecutor putting her experience into issue and labeling a witness as an expert; (3) hearsay statements from a prosecution witness should have been excluded; and (4) the trial court should have vacated the sexual contact with a child count as it arose out of the same interaction as the rape conviction on February 21, 2007. The South Dakota Supreme Court affirmed the conviction and the sentence on the rape in the first degree charge but remanded with orders to vacate the conviction on the sexual contact with a child under sixteen years.

Garcia then filed a petition for writ of habeas corpus on April 2, 2008, in the Second Judicial Circuit of South Dakota. Garcia alleged various grounds for relief. These grounds were: (1) the prosecutor and judge improperly vouched for the credibility of V.S.S.; (2) there was improper contact between a juror and the bailiff; (3) the court erred in not ordering a psychosexual evaluation; and (4) defense counsel failed to object to prosecutorial vouching for V.S.S. The

state circuit court denied Garcia's petition for a writ of habeas corpus on July 31, 2009. The circuit court granted a certificate of probable cause, but the South Dakota Supreme Court denied a certificate of probable cause on December 4, 2009.

On October 8, 2010, Garcia filed a pro se petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. Garcia advances several grounds for relief: (1) his Fifth through Fourteenth Amendment Due Process rights were violated by the refusal to admit other acts evidence under SDCL 19-12-5; (2) trial counsel were ineffective for not making a motion for a directed verdict based on the insufficiency of evidence and for not challenging any of the "elements of evidence" admitted by the prosecutor; (3) his Fifth through Fourteenth Amendment due process rights were violated when the court admitted into evidence the statement that Garcia had "gone to see a lawyer;" and (4) his Fifth through Fourteenth Amendment rights were violated because of bias with regard to the admission of evidence by the circuit court.

On October 26, 2010, Garcia filed an amended petition adding a fifth ground. His fifth claim is that his Fifth and Fourteenth Amendment due process rights were violated because the court proceedings went past the 180-day speedy trial rule without Garcia's consent. On February 2, 2011, Garcia filed a motion to amend his habeas corpus petition to add a sixth ground for relief. Garcia seeks relief because DNA evidence was not admitted at trial.

Specifically, Garcia argues that he was diagnosed with Hepatitis C in 1997 and that his "Hepatitus [sic] C virus can be contacted [sic] through bodily fluids" and the victim "does not have this same virus strain." Docket 14 at 2. Garcia contends that the DNA sample was not used as evidence, and if the DNA sample had been admitted into evidence during the trial, "this finding would and will exonerate" him. Docket 14 at 2. On February 18, 2011, Garcia's motion to amend was granted.

## STANDARD OF REVIEW

Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), governs a district court's authority to grant writs of habeas corpus to state prisoners. Section 2254 provides that a writ of habeas corpus should "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless" the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented. . . ." 28 U.S.C. § 2254(d). Under the AEDPA, it is not enough to find that the state court applied clearly established federal law erroneously or incorrectly–the application must also be unreasonable. *Williams v. Taylor*, 529 U.S. 362, 411 (2000) ("an unreasonable application is different from an incorrect one"). Thus, a federal court applies a

deferential standard of review when assessing a state court's disposition of a

state habeas petition. *See Barnett v. Roper*, 541 F.3d 804, 814 (8th Cir. 2008).

## DISCUSSION

### I.      Exhaustion

This court may not consider a claim for relief in a habeas corpus petition

if the petitioner has not exhausted his state remedies. 28 U.S.C. § 2254(b).

"The exhaustion requirement of § 2254(b) ensures that the state courts have

the opportunity to fully consider federal-law challenges to a state custodial

judgment before the lower federal courts may entertain a collateral attack upon

that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). "[T]he state

prisoner must give the state courts an opportunity to act on his claims before

he presents those claims to a federal court in a habeas petition." *O'Sullivan v.

Boerckel*, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's

claim makes factual or legal arguments that were not present in the petitioner's

state claim, then the ground is not exhausted. *See Kenley v. Armontrout*, 937

F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state

courts' role in enforcing federal law and prevents the disruption of state judicial

proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A four-step analysis governs whether a federal court can consider a

habeas petition when the petitioner has not presented the claims to the state

court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). Initially, "the

court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." *Id.* If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. *Id.* (quoting *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987)).  If a state remedy does not exist, the court must determine whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." *Id.* (quoting *Laws*, 834 F.2d at 1415). If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." *Id.* The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. *Id.*

### A.    Claims Presented to the State Court

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard v. Connor*, 404 U.S. 270, 276 (1971). It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Id.* "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " *Id.* In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before presenting those issues in an application for habeas relief in federal court." *O'Sullivan*, 526 U.S. at 845.  This does not, however, require petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (citing *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992).

Respondent asserts that Garcia's original four claims as well as the sixth claim about DNA testing are unexhausted. Respondent does not mention Garcia's fifth claim of the 180-day requirement in its responsive brief. But the state's failure to address Garcia's fifth claim does not waive the exhaustion argument. "A State shall not be deemed to have waived the exhaustion

requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). As a result, the court must examine whether Garcia has exhausted all six asserted grounds for relief because the state did not expressly waive the exhaustion requirement.

Garcia's first claim is that the trial court erred in refusing to admit evidence of other acts under SDCL 19-12-5. Garcia cites SDCL 19-9-5 but does not explain what evidence should have been admitted and what inadmissible evidence should have been kept from the jury. Garcia did not make any claim about a refusal to admit other acts evidence in his direct appeal or in his state habeas petition. Moreover, Garcia did not directly petition the South Dakota Supreme Court for a certificate of probable cause as to this issue pursuant to SDCL 21-27-18.1. Accordingly, this claim is unexhausted.

Garcia's second claim is that his Sixth Amendment right to counsel was violated because his counsel were ineffective for failing to move for a directed verdict based on insufficiency of the evidence and not challenging any of the elements of evidence. Garcia cites SDCL 21-25-1 and argues that there was "plain error affecting substantial rights although they were not brought to the attention of the court." Docket 1 at 6. Garcia made claims of ineffective assistance of counsel at the state appellate and habeas levels of review, but he did not base the ineffective assistance of counsel claim on a failure to object on

8

these bases. Garcia sought a certificate of probable cause from the South Dakota Supreme Court based on ineffective assistance of counsel, but not for the reasons cited in this petition. This claim is, therefore, unexhausted.

Garcia's third claim is that his due process rights were violated by the court's abuse of discretion, prosecutorial misconduct, and jury bias because the state's comment that the defendant "went to see a lawyer" violated the presumption of innocence. Docket 1 at 7. Garcia did not present this as a ground for relief in his state appeal nor did he present this as a ground for state habeas relief. Garcia did not seek a certificate of probable cause from the South Dakota Supreme Court for this claim. This claim is unexhausted.

Garcia's fourth claim is that his due process rights were violated and he attacks the credibility of the circuit court. Garcia references an order admitting evidence for a limited purpose as the foundation of the bias. The specifics of the order were not identified. Garcia did not raise on appeal the improper admission of this evidence for a limited purpose, nor did Garcia raise such a claim in his state habeas petition. Finally, Garcia did not seek a certificate of probable cause from the South Dakota Supreme Court based on the improper admission of evidence or the credibility of the circuit court. Thus, this claim is unexhausted.

Garcia's fifth claim is that his due process rights were violated when the court proceeding went past 180 days without Garcia's waiving the right to a

speedy trial within the 180-day time frame. Rather, Garcia's lawyer waived

Garcia's right to a speedy trial. Garcia complained of the 180-day requirement

being waived by his lawyer in a class action lawsuit he filed previously. The

class action lawsuit was dismissed without comment regarding the speedy trial

violation. *I.S.B. v. S.D. Comm'r of Admin.*, 10-cv-4142 (D.S.D. 2010), 2011 U.S.

Dist. LEXIS 37036 (D.S.D. 2011). Garcia did not raise this issue on direct

appeal. This issue was not addressed in Garcia's state petition for a writ of

habeas corpus and the state circuit court did not issue a certificate of probable

cause on this issue. Nor did Garcia file a separate motion for issuance of a

certificate of probable cause with the South Dakota Supreme Court. This

ground is unexhausted. Even though the state did not respond to this claim in

its brief, because exhaustion cannot be waived, the claim cannot go forward

despite the state's lack of argument.

Garcia's sixth claim is that he would be exonerated "if a DNA sample was

allowed in court" to show that Garcia has Hepatitis C and his victim does not

because the "Hepatitus [sic] C virus can be contacted [sic] through bodily

fluids" and Garcia's Hepatitis C diagnoses predated the charged offense. Docket

14 at 1. Garcia did not raise on appeal to the South Dakota Supreme Court the

non-usage of DNA in his trial nor did he include the DNA evidence claim in his

state habeas petition. Garcia did not seek a certificate of probable cause from

the South Dakota Supreme Court for this claim. Garcia has not exhausted this claim.

Thus, the court finds all claims are unexhausted.

**B.      Available Non-Futile State Remedies**

"Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Smittie*, 843 F.2d at 297 (citing *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975)). Garcia has not demonstrated that current, non-futile state remedies do not exist for all of the claims that he failed to present to the state courts. SDCL 21-27-16.1 states:

> Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental, or amended application.

While SDCL 21-27-16.1 seems to prohibit subsequent habeas petitions to South Dakota courts that raise grounds for relief not raised in an original petition, the law does allow a petitioner to file a subsequent petition when the state court "finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original . . . application." SDCL 21-27-16-1.

The South Dakota courts may find that there was reasonable cause for

Garcia to omit certain claims in his original petition. Garcia was represented by

counsel in his state habeas proceedings. The South Dakota Supreme Court has

held that the reasonable cause requirement of SDCL 21-27-16.1 is satisfied "by

a showing of ineffective assistance of counsel in the original habeas corpus

proceeding." *Goodroad v. Weber*, 671 N.W.2d 838, 839 (S.D. 2003).

Additionally, the Eighth Circuit has held that there is a possibility that non-

futile state court remedies remain available to a petitioner in South Dakota

upon a showing of reasonable cause pursuant to SDCL 21-27-16.1. *Ashker*, 5

F.3d at 1180. Because there may be a non-futile state procedure available and

Garcia has not shown good cause, there is no need to address the remaining

steps under *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir. 1988). Garcia must

exhaust the state habeas procedures before a federal court can entertain his

habeas petition. But even if Garcia was not required to exhaust state remedies,

his petition would be dismissed because it is untimely.

## II.    Garcia's Petition is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), state

prisoners have one year to file their federal petitions for writ of habeas corpus.

28 U.S.C. § 2244(d)(1). The one-year statute of limitations is triggered by "the

date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). If a

prisoner files a petition for certiorari, then his conviction becomes final upon "the completion or denial of certiorari proceedings before the United States Supreme Court." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). If the prisoner does not petition the United States Supreme Court, then his conviction becomes final when the time for filing that petition expires, so long as the Supreme Court could have reviewed his direct appeal. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008). The statute of limitations is tolled during the time that an application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Although respondent did not raise the statute of limitations defense in its motion to dismiss, the court considers it sua sponte because respondent has not intelligently waived it. *See Boston v. Weber*, 525 F.3d 622, 626-27 (8th Cir. 2008) (finding that state had not waived statute of limitations defense to petition where it never explicitly conceded the petition was timely).

The Eighth Circuit has held that a state conviction becomes final after all direct appeals in the state system are final, followed by the 90 days that are allotted to file a petition of certiorari to the United States Supreme Court. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003); Sup. Ct. R. 13. Under the AEDPA, the statute of limitations is tolled while "a properly filed application for State post-conviction review is pending." 28 U.S.C. § 2244(d)(2). Garcia was convicted on April 27, 2006. The South Dakota

Supreme Court affirmed his conviction on February 21, 2007. Thus, his conviction became final 90 days later, on May 22, 2007. Garcia waited 336 days before filing his state habeas petition on April 22, 2008. This period counts against the statute of limitations, leaving Garcia only 29 days remaining on the statute of limitations. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding state proceedings are not pending during the time between the end of the time for direct review and the date an application for state post-conviction relief is filed). The state circuit court denied Garcia's habeas petition on July 31, 2009. On December 4, 2009, the South Dakota Supreme Court denied his motion for a certificate of appealability. The remaining 29 days lapsed on January 2, 2010.

Garcia did not file his federal habeas petition until October 4, 2010, 307 days after the South Dakota Supreme Court denied his motion for a certificate of appealability. Approximately 643 days count against Garcia. Accordingly, Garcia's petition for federal habeas corpus relief is dismissed because it is time barred under § 2244(d)(1). Therefore, it is

ORDERED that Garcia's petition for habeas corpus pursuant to 28 U.S.C. § 2254 (Docket 1) is denied. Garcia is notified that **he may not appeal the denial of his motion <u>unless</u> he receives a certificate of appealability from this court.** In order to receive a certificate of appealability, Garcia is

required to make a "substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules

Governing Section 2254 Proceedings for the United States District Courts,

**Garcia will have 21 days to submit arguments on whether a certificate of**

**appealability should issue. Garcia is directed to <u>identify the issues</u> for**

**which he seeks a certificate of appealability. Respondent will have 14**

**days to respond to Garcia's arguments.**

IT IS FURTHER ORDERED that Garcia's federal petition for writ of

habeas corpus (Docket 1) is denied and respondent's motion to dismiss (Docket

21) is granted.

Dated November 3, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE